The Fourth District Appellate Court of the State of Illinois has now convened. The Honorable John W. Turner presiding. Thank you. Good morning. Morning, Your Honor. Good morning, Your Honor. Morning, Judge. We're here on case number 4-2-2-0-4-2-9. That's Miller v. Thom and others. Would counsel for the appellate please state your name? Austin Reba for the appellant. Thank you, Mr. Reba. And would counsel for the appellate please identify yourself for the record? Sarah Burke. Thank you. Mr. Reba, you may proceed with your argument. Thank you, Your Honor. May I reserve two and a half minutes to my rebuttal? Done. Okay. The case before us is primarily an issue of the timeliness versus the error under Supreme Court Rule 92. But before I get to that, I would like first to address two novel issues brought up by defendants in their briefs. First up, defendants have contended that the 92 issue is improper as it was not timely brought. As I'm sure the court knows, the cornerstone of our case is Davis v. Maywood. And in that case, the court actually addressed the issue of timeliness. As in that case, the lower court dismissed the issue on timeliness. In paragraph 33 and 34, the court states that timing is insignificant and, quote, we fail to see any relevance when the 92 motion is filed. Conceivably, I had up until the day of the hearing to rely on 92. And plaintiff did so in its brief several weeks in advance. The second issue that defendants have brought in their brief, and which is a very novel one, is issue of the correct forum. When the case was rejected, when the initial filing was rejected by the clerk, that was in St. Clair County, while the case was accepted in Sangamon County, its defendants position that the correct venue to hear that would be in St. Clair County. There is, since the filing of our briefs, a case entered by the second appellate court, Waukegan Hospitality Group versus Stretches Sports Bar and Grill, case number 2-210179. I can give you the full citation there if required. In it, the court opined that the correct venue to hear a 92 motion was the court with jurisdiction. Obviously, in this case, St. Clair County did not have jurisdiction. The complaint was never accepted there. In Sangamon County, the complaint was filed there. The case was being heard. The court had jurisdiction. In fact, the second district court in this case went so far as to hypothesize that even the appellate court could have jurisdiction to hear a 92 motion. Did you say this is a new case? It was filed in November of 2022. Or was it decided? I'm so sorry. Is the council aware of the case? Or did you not hear my question? Are you asking that of me? No. Oh, was that directed to me? Yeah. Oh, I'm sorry. I misheard you then. I discovered the case when I was reviewing earlier this week or last week. Did you share the case with Ms. Burke is what I asked? I have not, Your Honor. Okay. Well, we'll ask her about that then later. Go ahead. Okay. And so for these reasons, Sangamon County was the correct venue. It was hearing the case. It had jurisdiction to hear the case. On to what I consider to be the central issue here with the 92 motion and good cause. The facts are a lot thinner than Davis versus Village of Maywood or Ogara or several of these other cases. This is simply an issue of timeliness versus the error in my conception and timeliness. Plaintiffs filed, as I'm sure, you know, five days before the statute of limitations through the savings statute. We found this far ahead of time compared to a lot of these other cases. Unfortunately, the case was not rejected until several days later, five days later on that Monday. And so plaintiffs didn't have the ability to file. But I think it's a dispositive fact in under the good cause doctrine under 92 of the totality of the circumstances, how far ahead of time we were on filing this. And I think even the error at hand is not beckons good cause. The error is, of course, the failure to pay a fee to the court, which the clerk then rejected. However, in the Internet age, in the age of Internet templates and e-filing, a filing, a filing, failure to pay a filing fee is a data point. It's a data point within a template. It is in many ways similar to what we see in Davis. In Davis, there was a cross code that was not filled out. Now, obviously, a cross code is more opaque. It's less common. Everyone has to pay filing fees. Everyone knows that. However, at the end of the day, it's still a data point entry that could easily be missed or mis-inputted. I'm sure we've all typed a password in that we know by heart and made an error there. These mistakes happen, especially in Illinois, which has a plethora of different filing systems throughout the different counties. Every county, every court is allowed its own filing system. For example, Cook County has its unique one. The case at hand was using Odyssey. There's Pacer. There's a dozen of them. And so when you have this plethora of systems that attorneys and their staff are required to remember and to use, these mistakes are just going to happen more and more and be more common, which is indicative of the record as these cases are being heard. When this case was first heard, there was a single case that was the Village of Mayweather case that was decided right before the hearing. And then since then, we've had O'Gara. We've had the case. We've had Life, Klein, and Telfin, which I will make a note on here, and a few others which have at least noted that. These cases are becoming more and more so. Filing has gone on the record. Hearing someone asking a question? Hearing some sort of sound. Excuse me. And so past that, so this is, in my conception, this case is entirely a matter of filing five days before the statute of limitations. Plenty of foreplanning, plenty of opportunity to catch a mistake if that was available, and a data point entry error. Defendants have argued, of course, that there was not completeness of the complaint. They point to the joint counts within the body of the complaint. They also point to the failure to file an expert report required in medical malpractice cases. Now, under 92, which involves the rejection of a clerk, these are not the kind of mistakes contemplated by the completeness of the complaint. The case in Davis talks about it, referencing Kerlock in another state, where they talk about heading, they talk about the wrong party names, they talk about the wrong judge's names. Essentially, they're talking about issues that a clerk would reject a case for. They're talking about issues within the purview of a clerk. Whether a count is properly written is not within the purview of a clerk to deny. Similarly, and I don't even think it's an issue because it is moot, the expert report, which was in defendant's possession at the time of the hearing and which was moot, as I said, is not within the purview of a court clerk to decide whether it belongs or not, especially because we have hearings such as Lansing v. Hendricks, where the appellate court, the second district, even opined that it wasn't even necessary to have those expert reports to move forward with the case. Those expert reports exist as a bar for dubious cases and cases where, essentially, to prevent fraud and abuse of the court system. It was a moot point, defendants had that document, and it was not within the purview of the clerk who rejected the document to review that. This rejection was solely based on the failure to entry a data point for payment, and those are the only two factors in plaintiff's conception that matter here. Timeliness, which is, once again, in Davis, the plaintiff or the filing party filed at approximately 10.30 in the morning the day it was due, and the court even then made the distinction between filing at 11.58 at night, which happened in an out-of-state case, and 10.30 in the morning. If 10.30 in the morning is timely enough to overcome an error, then five days in advance is timely enough to overcome an error. And in the interest of honesty and for the court to make its full opinion here, I stumbled upon another case last night, Leif Klein, Calvin LTD v. Wisher & Associates, LLC. This was by the 2nd District Appellate Court. I have not sent this to appellees either. I just discovered this last night. And I do bring this with the disclosure that it is negative for our case. The 2nd Court, the 2nd Appellate Court, broke from the 1st District Court, ostensibly setting different standards for the 92 motion. In that case, a case was filed three days prior to the statute of limitations, and the attorney made two mistakes. They failed to pay the filing fee, and as the court found, they made a mistake of the completeness. They filed several documents together in one document, which the court found was in the purview of the clerk to reject on those grounds. So on those two grounds, they rejected it. And in their opinion, it's somewhat muddled. They seem to reject the totality of the circumstances that the 1st Circuit Court used. And instead, and this is a little vague, I'm making some approximations here. It seems to be based in their conception that a good cause is found when the error is excusable due to extenuating circumstances. And I've said it's a little muddy. The language is vague. They do outright say that they reject some of the 1st District Court's language. But in either case, I do think our case would be excused from that regardless, as we have no issues with the body of our complaint for the clerk to dismiss, issues with completeness. And we are two days even out from that. We are two days filed early compared to that case. So defendant, plaintiff, appellant rests on the reef on those grounds. This is solely an issue of being five days early versus a data point entry for payments in the e-filing system. I have a question. I'm confused. I thought you said earlier that the case you found in November was from the 2nd District. Well, what I'm asking is, is the 2nd District in conflict with itself? Are there two 2nd District cases that have one is favorable to you, the other one is possibly unfavorable? One is favorable and one is unfavorable. However, they are not in conflict. The original case I referenced, Wacoogan, was about venue and the ability for a court to hear the case, while the second case was about the substance of what constitutes good cause under Supreme Court Rule 92. Okay, thank you. Now, what's the 1st Circuit? I don't even, I don't know what that is. The 1st Circuit. I'm sorry, the 1st Appellate Court. The 1st District Appellate Court. Yes, sir. I misspoke there. Thank you. Under Davis v. Maywood, which is the cornerstone of our case. Thank you. Okay, do you have any further argument, Mr. Riva? Or are you finished until rebuttal? I think I am finished until rebuttal. Okay, you will have that rebuttal. Ms. Burke, you may proceed with your argument. Okay, may it please the court. My name is Kara Burke and I represent one of the defendants, Dr. Tom. Since each of the defendants has essentially the same arguments in response to plaintiff's appeal, I will discuss the arguments on behalf of all the defendants. I do want to apologize I got hit with a nasty sore throat last night so I hope you all can hear me okay if you can't please let me know I'm very muffled. And so to start as was noted in our brief, I would like to point out it was somewhat difficult to adequately respond to plaintiff's brief. They enumerated four issues before you, and I think they really address two issues. I think it boils down to two questions. One is whether the trial court in Sangamon County abused their discretion in denying plaintiff any relief under 92. And two is whether the court appropriately dismissed plaintiff's complaint on the grounds that the statute of limitations had lapsed. Now, I think it's very clear that if the trial court did not abuse its discretion in denying to provide 92 relief, the complaint was not timely and therefore properly dismissed. Per the savings statute, the complaint was to be filed on August 17th. It was not filed, you know, in Sangamon County until August 23rd. So I don't really think you get to issue two without a finding, you know, that the trial court abused their discretion regarding issue one. And as to the 92 relief, I think it's important to start with pointing out the trial court is supposed to be afforded significant discretion over these decisions. It's an abusive discretion standard. One of the appellee briefs said it perfectly. This case had a very tortured history of which the trial court was well aware. And I do think that factors into the totality of the circumstances analysis on whether they showed good cause. I think it's clear the trial court didn't abuse its discretion and denying 92 relief for a multitude of reasons. It's important to note that the trial court never really ruled on a 92 motion as one was not before the court. The 92 relief that was sought in this case was heard during the hearing on defendants motions to dismiss. The request for 92 relief was not made in the initial response to defendants motions to dismiss back in 2020. It was actually made for the first time nearly two years later via a supplementary brief to plaintiff's original response to defendants motions that was just supposed to address Davis and plaintiff's original response back in 2020. They did not seek 92 relief. Additionally, they sought 92 relief in the prayer for relief of the supplementary brief on Davis. They sought it in a trial court that was never involved in any of the situations contemplated by 92. The trial court in Sangamon County did not reject any pleadings. Sangamon County accepted plaintiff's complaint in August of 2019, did not receive any requests for 92 relief until over two and a half years later after numerous other proceedings had occurred. There had been a venue motion, there had been a forum non-convenes motion, there was an appeal in this court in front of your honor. The plain language of 92 provides that if a document is rejected by the clerk and is therefore untimely, the filing party may seek appropriate relief from the court upon a good cause shown. In the plain language of the rule, the court is considering that if a document is rejected by a court, the party may go get relief from that court. That's what happened in all of the cases on this issue. The rejection by the clerk happened in St. Clair County. To this day, plaintiff has not sought any relief in St. Clair County. Relief was not even sought in Sangamon County for two and a half years after the rejection occurred. I think all of these factors do go into the lack of good cause. And that gets me to my next point is plaintiff just did not show good cause. At the risk of sounding like a broken record, this is where I'd again point out the abuse of discretion standard. Plaintiff wants to hang their hat, so to speak, on Davis. Not only is Davis distinguishable from this case, but two cases with much more similar facts, specifically failing to pay a filing fee, have gone on to support a finding that plaintiff lacked good cause in this case. And one of those plaintiff's counsel did reference, and this is the left case. It's an unpublished opinion in the second district, and that came out after we had all filed our briefs. That came out in November of 2022, and I'll touch on that here in a little bit. But I first want to cover how I think counsel said Davis is the cornerstone of their argument. I mean, that case is distinguishable in numerous respects. In that case, the e-filing system was implemented two weeks prior, and the issue at hand had to do with entering a five-digit attorney code twice, which was not previously a requirement. I mean, it has always been a requirement that you pay a filing fee with a complaint. In Davis, the clerk's website actually put forth an urgent warning specifically regarding this requirement, suggesting this had been an issue for several people. Of course, we don't have that here. I mean, there's no warning to pay a filing fee that's known. That would be the case if you were filing the complaint in person. In that case, the complaint was complete and accurate besides this second entering of a five-digit code. The plaintiff promptly resubmitted in the same court. They filed a 92 motion. The motion was filed in the court where the alleged error occurred. I mean, these are just distinguishable from the facts we have here. This filing system was implemented many years prior. It did not have to do with this new e-filing requirement. It had to do with paying a filing fee. Plaintiff's brief said it had to do with paying some type of fee. It's more than just a random fee. It's the filing fee for the complaint, which is one of the most basic requirements when filing a lawsuit, and it's specifically addressed in O'Gara, a case on point on this issue, and this left case. So, Davis did look at the circumstances that caused the complaint to be filed late. Here, the plaintiff had already filed the complaint in Madison County. Defendants moved to dismiss on numerous grounds, including a lack of certificate of merit and other grounds, and then the plaintiff voluntarily dismissed. She had a year to get all of her ducks in a row and didn't. And I think that's just where this lack of certificate of merit issue did come into play. I mean, plaintiff's counsel wants you to think it's not the clerk that's deciding or that's, I guess, analyzing if a certificate of merit had been filed, but the trial court did consider this. That's something that they can consider in deciding whether there's good cause. In this case, plaintiff did not file a certificate of merit until over two years after the complaint was initially filed. They didn't file one when the case was originally filed in 2018. They didn't file one when they filed in St. Clair County, didn't file one when they filed in Sangamon County, didn't have one filed when they served the defendants five months later. So rather than refile within one year with a certificate of merit and with everything proper, they didn't. So what we had was an alleged med mal case with care provided in 2015 and early 16, and we didn't have a certificate of merit until 2020. There was just no justified reason for failing to pay the filing fee. That was not a clerical error to reject. And then the failure to pay the filing fee did not excuse not remotely complying with the statute and filing medical malpractice claims. The errors were just not analogous to omitting a five-digit number. This was not a situation where, had it not been for the untimely filing, the case would have proceeded. So the case law, while not binding, it does provide guidance that plaintiffs just did not demonstrate good cause. O'Gara, which was cited in the briefs, had to do with a failure to pay the filing fee. And the same court as Davis noted that the issue was not a clerical error. It was an entirely avoidable attorney error. They also noted that the e-filing system at issue had been functional for years by the time plaintiffs' counsel tried to use it, unlike in Davis. I mean, that's what we have here. This had been, the e-filing system had been in place for years. And so this case is more analogous to O'Gara. And then we go on to this left case, which, like I said, plaintiffs' counsel referenced too, and I came across it preparing for today as well. As I mentioned, it didn't come out until November of 2022. In that case, the defendant filed a motion to reconsider a judgment against it three days before the deadline to file a post-judgment motion. However, the clerk rejected the filing the day after the deadline, and one of the basis for this was the failure to pay a filing fee. In that case, the defendant argued that since he submitted the motion several days ahead of the deadline, three days, here we had five days, he showed good cause. I mean, that's an exact fact we have here, and the court said, no, that was not good cause. The trial court extended Rule 92 relief in that case, and the second district didn't agree and found that the trial court had abused its discretion on that. It distinguished Davis in doing so. It noted that it's well established that a submission must first be accepted by the clerk to be considered filed. The court emphasized that beyond the clerk's mere failure to accept the submission, there was nothing to constitute good cause. A clerk is not obligated to accept a submission without first collecting the filing fee. And the court in that case did look at defects in the complaint as well, which, as I mentioned, we have here. Also, in this left case, the court went on to admonish the suggestion that any submission requirements that do not impact the document's substance would excuse a failure to comply with those requirements. A rule like that would undermine the gatekeeping role of submission requirements. And so it found the trial court erred in finding good cause. So, you know, again, plaintiff wants to say Davis is the cornerstone. That didn't have to do with a filing fee. And the two cases that we have that have to do with the filing fee, O'Gara and Leff, say there's no good cause. So, again, the trial court was familiar with this case, the applicable facts and appropriately denied 92 relief in this case. Davis is absolutely distinguishable. O'Gara and Leff both specifically deal with the failure to pay a filing fee and find that does not demonstrate good cause. Again, without backdating the complaint, plaintiff's complaint was untimely and appropriately dismissed. So it's the defendant's unified position that the circuit court, Singamon, did not abuse its significant discretion in denying 92 relief for the numerous reasons I've covered. Again, I don't think you get to issue two without a finding that the trial court abused their discretion. The complaint was late in Singamon. I think plaintiff agrees with that. Plaintiff did not address any argument other than the dismissal on the grounds that the statute of limitation had lapsed. That said, for the sake of preservation, our brief did briefly cover the numerous other grounds for our motions to dismiss, which the court had also heard. So we respectfully request this court to affirm the trial court's ruling dismissing plaintiff's complaint with prejudice. Okay, I see no questions. Thank you for that argument. Mr. Reba, you may proceed with your rebuttal if you have one. You're muted. Take off your mute. Thank you. Thank you, Judge. First and foremost, Kelly keeps distinguishing Davis but O'Gara and left most recently are also distinguished there is no one case that has the totality of the circumstances that we have here in Davis, for example, yes we don't we're not dealing with a new filing system. However, we also filed four days in advance and left which I think is the most negative treatment of our case. It did involve a filing fee but there were additional errors that the filing attorney made in addition to a filing fee. This was despite Kelly's framing this was not a rejection of good cause simply due to a filing error. There were multiple errors within the filing. Kelly has once again spoken about timeliness. There is nothing within the plain language of 92 that requires a time to make this argument. And as a Pele has even stated this argument was made. I do not believe timeliness. There's any basis to factor in here, Davis, the first, the first appellate court outright said timeliness is not a factor. And as far as I'm aware, there is no court that has said timeliness is a factor. Kelly has stated that plaintiffs should have brought this issue before the court in St. Clair County, the original place of filing. However, this is a 92 motion has to be before judge you can't petition a clerk. We cannot put a case before the judge who did not have jurisdiction as the second just a second district appellate court stated in what Coogan hospitality group. You can only bring a case where you have venue. There was venue and Sangamon County as complaint had been accepted. And there was no venue in St. Clair County Sangamon County was the appropriate venue to hear this 92 case. And effectively when when talking about 92 and just cause there is no practical reason why a separate court can't rule on a mistake that happened or rejection that happened in a separate court. It's, there's, there's, there's really no conflict of interest there recently couldn't do that. And as I So, once appeal is solely based on the 92 ruling as the case was not stamped in that motion was denied that request was denied by the lower court judge. The case was as a fact and then we can all agree file late and pass the statute of limitations. Under those grounds, it's appellants position that the case should be ran remanded for good cause and those issues re heard under the current situation and the current circumstances and the vague order that the court entered. There's no reason to even think that the court dismissed the complaint, based on issues within the body. It's factual that the at this point with the with the 92 being denied it's factual that the complaint was filed after the statute of limitations and dismissed on those grounds. We can say dispositively that the complaint was dismissed on the grounds of 92 and being late for the statute of limitations, we cannot say the same, based on any of the other issues within the body. And even if we assume there were issues in the body, the issues with 92 as appellant as a Pele would say issues widespread issues with the case torturous etc. Those 92 issues if the judge made the mistake would color is interpretation of issues within the body and whether those should be dismissed on those grounds. And to that degree. I don't feel the need to even respond to issues within the body such as the certificate merit. These were not contemplated by 92 92 solely exist for rejections by the circuit clerk and good cause, as contemplated by Davis, and even I think, and are the completeness of the complaint. Davis says completeness of the complaint has to do with names and numbers, judges, and even life would say it was the completeness of the complaint was an issue because multiple documents were combined together and one document in the filing was inappropriate. At the end of the day, this entire case comes down to timeliness versus the error that was made. Appellate argue that a filing fee not being paid was a substantive Attorney issue was a substantial error by the attorney, I would of course argue that in the era of a filing systems. It's as simple as a click of a button to make that mistake. And so, when balancing out these two errors in case timeliness versus a simple administrative error. It is appellants position that good cause exists when dealing with an issue of statute of limitations, which is all about timeliness timeliness is the key factor timeliness is the cornerstone that this case should be decided on. That may be overcome by additional factors such as life inclined or the attorneys made multiple errors, but in this case it's a single administrative error versus five days of timeliness, which is far, which is, which is, which is distinguishable from any of the cases that we've discussed today. Okay, counsel. Thank you. You're out of time. Appreciate your argument. Also, Miss Berkeley appreciate your argument. The court will now stand in recess and the case is submitted. Thank you.